IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM G. GARDNER, III, et al.,

Plaintiffs,

v.                                                    Case No. 2:21-cv-02364-HLT-ADM

ENGENIOUS DESIGNS LLC,

Defendant.

## MEMORANDUM AND ORDER

This is a patent case. Plaintiffs claim they own or license a patent that Defendant either directly or indirectly infringes. Defendant moves to dismiss under Rule 12(b)(6) and argues that the complaint fails to state a plausible claim for relief. Doc. 6. Because Plaintiffs fail to allege a plausible infringement claim, the Court grants Defendant's motion and dismisses the complaint without prejudice.

## I.    BACKGROUND

The following facts are taken from the well-pleaded facts of the complaint. Doc. 1. Plaintiff William Gardner is the inventor and owner of United States Patent No. 7,781,751 ('751 Patent) titled Wavelength Transforming Converter for UV LEDs.[1] *Id.* ¶¶ 8-9. The '751 Patent issued on August 24, 2010. *Id.* ¶ 8. A copy of the patent is attached to the complaint. Doc. 1-1.

The '751 Patent claims "a portable LED apparatus for selectively emitting one or more of a plurality of wavelength distributions of radiation." Doc. 1 at ¶ 10. Plaintiff Way Too Cool LLC

---

[1]   Plaintiffs allege that "William Gardner is the inventor of the '751 Patent, and owns all right, title and interest in the '751 Patent." Doc. 1 at 2. The Court notes the patent itself lists William G. Gardner as the inventor and William G. Garner, III as the assignee. It is unclear whether the inventor, assignee, and individual plaintiff are all the same individual.

licenses the '751 Patent and designs, manufactures, markets, and sells ultraviolet flashlights and lamps used in rock and mineral examination and collection. *Id.* ¶ 12.

Plaintiffs allege that "[o]n information and belief," Defendant is infringing the '751 Patent "by designing, making, manufacturing, distributing, marketing, offering for sale and/or selling products or systems that fall within the scope of the '751 Patent claims, including but not limited to products referred to as FYRFLY, DBL BARREL, PRPLHAZE, and other names." *Id.* ¶ 13. Plaintiffs further allege "[o]n information and belief," that Defendant "has and continues to contributorily infringe the '751 Patent by inducing others to use and practice a product or system that falls within the scope of the '751 Patent claims." *Id.* ¶ 14. Additionally, "[o]n information and belief, Defendant has created or provided a platform, network, or forum for others to post, market, offer to sell, sell and/or distribute infringing products that embody or use the invention claimed in the '751 Patent." *Id.* ¶ 15. Plaintiffs allege that Defendant continues to infringe the '751 Patent even after reviewing the claims. *Id.* ¶ 16.

The complaint includes one count for infringement. Plaintiffs contend that Defendant is committing "direct acts of infringement of the '751 Patent under 35 U.S.C. § 271(b) and (c) by actively inducing and/or contributing to infringement of the '751 Patent." *Id.* ¶ 21. Plaintiffs seek damages and an order enjoining Defendant from infringing the '751 Patent. *See generally id.*

## II.     STANDARD

A complaint survives a Rule 12(b)(6) challenge when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard

requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, a court accepts as true all well-pleaded allegations in the complaint, but it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

In patent-infringement cases, allegations of direct and indirect infringement are governed by the pleading standards of *Iqbal* and *Twombly*. *Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).[2] This does not require "element-by-element" pleading. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). But "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* at 1353.

## III.     ANALYSIS

Defendant argues that Plaintiffs' complaint fails to state a plausible infringement claim because it relies on conclusory statements that fail to indicate how either Defendant or its products directly or indirectly infringe the '751 Patent.

The Court agrees with Defendant that Plaintiffs have failed to plausibly allege any infringement claims.[3] The Court starts with direct infringement. At most, the complaint alleges

---

[2]  Previously, patent-infringement complaints were governed by Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure. *Lifetime Indus.*, 869 F.3d at 1376-77. The Supreme Court abrogated Form 18 effective December 1, 2015. *Id.* at 1377.

[3]  The complaint is not entirely clear on whether Plaintiffs allege that Defendant directly infringed the '751 Patent. The only count states that Defendant committed "direct acts of infringement of the '751 Patent under 35 U.S.C. § 271(b) and (c) by actively inducing and/or contributing to infringement of the'751 Patent." Those subsections of

that Plaintiffs own or license a patent and that Defendant makes, manufactures, distributes, markets, offers, or sells at least three named products. The only link between the '751 Patent and the named products is Plaintiffs' conclusory assertion that the products fall within the scope of the patent. But the Court does not have to accept such conclusory statements. *Iqbal*, 556 U.S. at 678-79. And such bare-bones allegations are not sufficient to state a plausible claim for direct infringement. As one court noted:

> Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe ou[r] patents. This is insufficient to plausibly allege patent infringement.

*See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017); *see also Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) (finding that a complaint fails to meet the pleading standards where it "simply identifies the allegedly infringing products and parrots the language of a direct patent infringement claim"). A complaint must "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353. Plaintiffs' complaint contains no facts on this point.[4]

Plaintiffs' claims for contributory or induced infringement fare no better. For a contributory-infringement claim, a plaintiff must plausibly allege the infringer knew of the asserted patents and plead facts that the components sold or offered have no substantial non-infringing uses. *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018). But the only allegation on this point

---

the statute address induced infringement and contributory infringement. Although an underlying act of direct infringement is required for both contributory and induced infringement, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018), it is unclear whether Plaintiffs allege Defendant directly infringed the '751 Patent or whether a third party did, for which Defendant is nevertheless liable.

[4] To the extent there is dispute about what is required to plausibly state a claim of patent infringement, *see SIPCO*, 230 F. Supp. 3d at 353 ("The issue of what exactly *Twombly*/*Iqbal* requires to state a plausible claim of patent infringement is the subject of some debate in the district courts."), the undersigned is confident that Plaintiffs' sparse complaint falls on the implausible side of the line, *see id.*

is the conclusory—and therefore insufficient—assertion that "Defendant has and continues to contributorily infringe the '751 Patent by inducing others to use and practice a product or system that falls within the scope of the '751 Patent claims." Doc. 1 at ¶ 14.

Likewise, an induced-infringement claim survives a motion to dismiss when the complaint pleads facts showing that the infringer intended another to infringe the patent and knew those acts constituted infringement. *Nalco Co.*, 883 F.3d at 1356. To this point, Plaintiffs only allege that "Defendant has created or provided a platform, network, or forum for others to post, market, offer to sell, sell and/or distribute infringing products that embody or use the invention claimed in the '751 Patent." Doc. 1 at ¶ 15. This fails to allege any facts regarding Defendants' knowledge or intent, or that a third party has infringed the patent.

Plaintiffs contend that Defendant is aware of the claims asserted because the parties have been exchanging communications on the issue for the past few years. But the plausibility analysis focuses on the four corners of the complaint, not on any correspondence exchanged between the parties.[5] *See Iqbal*, 556 U.S. at 678. Plaintiffs also argue that the local patent rules set the schedule for providing details of the accused infringement, and thus the complaint need not set forth "every relevant fact or accusation." Doc. 8 at 6. Certainly, not <u>every</u> relevant fact must be pleaded. *See Bot M8 LLC*, 4 F.4th at 1352. But the complaint must include at least <u>some</u> facts to show a plausible claim of infringement. This is where Plaintiffs' complaint falls short; it relies primarily on conclusory allegations of infringement based on "on information and belief." *See id.* at 1353; *see also SIPCO*, 230 F. Supp. 3d at 353.

---

[5]   Some of the correspondence between the parties was attached to Defendant's motion. But this correspondence is not referenced or attached to the complaint, and neither party provides any reason why the Court should go beyond the four corners of the complaint in evaluating the plausibility of Plaintiffs' claim. Plaintiffs explicitly argue in their response that "the exhibits should be ignored when deciding the motion." Doc. 8 at 3 n.1.

Nor is the Court persuaded by Plaintiffs' reliance on *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). There, the complaint identified the patents and products at issue and alleged that the products met "each and every element of at least one claim" of the patent. *Id.* at 1258. The Federal Circuit held this met the plausibility standard, noting that the "case involves a simple technology." *Id.* at 1260. Here, however, it's less clear that simple technology is at issue, and the complaint doesn't allege anything beyond the existence of a patent and products. And although the complaint names three products, it does not even limit the infringement claims to those products. *See* Doc. 1 at ¶ 13; *see also* Doc. 8 at 9 (noting that Defendant sells "less than 30" products and the complaint "identifies at least three of the products that infringe").

*Disc Disease* concluded the allegations were enough to provide the defendant with fair notice. 888 F.3d at 1260. By contrast, given the conclusory assertions based largely "on information and belief," the lack of any specific facts, and the imprecise allegations about the identified products and type of infringement, the Court concludes that Plaintiffs' complaint does not meet even the relatively forgiving plausibility standard. *See Bot M8 LLC*, 4 F.4th at 1353 ("The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.").

THE COURT THEREFORE ORDERS that Defendant's Motion (Doc. 6) is GRANTED. Plaintiffs' complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated: November 22, 2021                    /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE